IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------------X
**In re**:

**VINCENT DIMINO**,

**CHAPTER 13**
**CASE NO. 15-11328 (JLG)**

**Debtor**
--------------------------------------------------------------------------------X

**VINCENT DIMINO,**

**ADV. PRO.**
**CASE NO. 16-01059 (JLG)**

**Plaintiff**

vs.

**SELENE FINANCE, LP AND WILMINGTON SAVINGS**
**FUND SOCIETY, FSB, DOING BUSINESS AS**
**CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL**
**CAPACITY, BUT SOLELY AS TRUSTEE FOR**
**BCAT 2015-13BTT,**

**Defendants**
--------------------------------------------------------------------------------X

**COMPLAINT OF THE DEBTOR PURSUANT TO 11 U.S.C. § 506(A)**
**AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF**
**SECURITY AND CREDITOR'S SECURED CLAIM AND COMPLAINT**
**FOR DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

**1.1** This is an action for actual and punitive damages filed by the Debtor / Plaintiff Vincent

Dimino, (hereinafter "Plaintiff" or "Debtor") pursuant to Sections 105, 362, 501, 502, 503, 506

of the Bankruptcy Code, and Rules 2016(a), 3001, 7001(1), 7001(2), 7001(7), 7001(8) and

7001(9) of the Federal Rules of Bankruptcy Procedure to determine the extent of the Defendants'

claimed interest in the Debtor's real estate, whether the Defendants' hold a valid, allowed

1

secured claim, and in the event that the Court finds that the Defendants' hold a valid, allowed secured claim, the value of Defendants' claim.

**1.2** This complaint focuses on the proof of claim, Claim No. 5, filed by Selene Finance, LP ("Selene") as servicer for Wilmington Savings Fund Society FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13BTT ("Wilmington Savings") on this Court's Claims Register and the veracity of its supporting documents.

**1.3** This complaint focuses on the Motion for Relief from the Automatic Stay filed by Defendants, the improper accounting, fees, charges and the veracity of its supporting documents.

**1.4** This Complaint focuses on the fraud perpetrated on the Court, Chapter 13 Trustee, creditors of the estate and the Plaintiff by filing a false motion for relief from stay together with fraudulent documents in support thereof and the Defendants' fraudulent misrepresentation of the owner of the Debtor's Mortgage Loan and the identity of the real party in interest.

**1.5** This Complaint focuses on the extraordinary measures taken by Defendants to defraud the Plaintiff and this Court by filing false affirmations and documents to entice the Court's reliance.

**1.6** This Complaint focuses on the clear violation of 11 U.S.C. § 362(a) committed by the Defendant in pursuing a judgment of foreclosure against the Plaintiffs after the filing of the instant bankruptcy case.

## II.    PARTIES

**2.1** On May 21, 2015, the Plaintiff, Vincent Dimino, filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code (the "Code") and an Order of Relief was duly entered, chapter 13, Case No. 15-11328 (JLG). (See this Court's Docket ECF No. 1).

**2.2** The Debtor owns real property located at 333 Sunset Drive, Apartment 408, Ft. Lauderdale, Florida 33301 (the "Property").

**2.3** The Defendant, Selene Finance, LP is a is a residential mortgage loan servicer and claims to be mortgage servicer of the Plaintiffs mortgage loan and also claims to be servicing said loan as agent for the alleged owner, Defendant, Wilmington Savings Fund Society FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13BTT.  Defendant Selene maintains its corporate headquarters at 9990 Richmond Avenue, Suite 400 South, Houston, TX 77042.  Selene may be served at C/O CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

**2.4** The Defendant, Wilmington Savings Fund Society FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13BTT is a securitized trust registered with the Securities Exchange Commission and can be served through its trustee, Wilmington Savings Fund Society FSB which is a national bank registered with the FDIC (NMLS #417673) and may be served at its headquarters located at 500 Delaware Avenue, 11th Floor, Wilmington, Delaware 19801.

### III.    COMPLAINT

    A.  **JURISDICTION**

**3.1** Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in this case.

**3.2** Jurisdiction is further conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

**3.3** This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

**3.4** This Court has supplemental jurisdiction to hear all state law claims, if any, pursuant to Section 1367 of Title 28 of the United States Code.

**3.5** The instant matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

    **B. VENUE**

**3.6** Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

    **C. ADDITIONAL FACTS**

**3.7** On or about March 28, 2007, Plaintiff executed an Initial Interest Adjustable Rate Note, (the "Note") in the original principal amount of $398,000.00 payable to Wells Fargo Bank, N.A. ("Wells Fargo") and delivered a mortgage (the "Mortgage") securing repayment of the Note against the Property.

**3.8** The Mortgage Loan is a consumer credit transaction within the meaning of, and subject to the Truth In Lending Act.

**3.9** The Mortgage Loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

**3.10** Upon information and belief, Wells Fargo Home Mortgage ("Wells Fargo Home") was the servicer for Wells Fargo.

**3.11** Plaintiff owns real property located at 333 Sunset Drive, Apartment 408, Ft. Lauderdale, Florida 33301 (the "Property").

**3.12** Prior to the filing of the Plaintiff's petition, on or about June 29, 2009, Wells Fargo alleging to be the rightful owner and holder of the Plaintiff's first mortgage lien on the Property, commenced a foreclosure action (the "Foreclosure Action") by way of summons and complaint filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Broward County Circuit Court").

**3.13** Upon information and belief, on or about August 31, 2009, a Default Judgment was entered against the Debtor, Vincent Dimino.

**3.14** Upon information and belief, on or about December 18, 2009, a Judgment of Foreclosure and Sale was entered by the Broward County Circuit Court such that Wells Fargo conducted a foreclosure sale and purchased the Property.

**3.15** Upon information and belief, on or about, February 25, 2010, a Wells Fargo filed Certificate of Sale with the Broward County Circuit Court.

**3.16** Upon information and belief, in or about March 5, 2010, the Debtor, filed a Motion to Rescind the Foreclosure Sale.

**3.17** Upon information, on or about October 8, 2010, the Debtor withdrew the Motion to Rescind the Foreclosure Sale.

**3.18** Upon information and belief, on or about November 1, 2010, an Order was entered by the Broward County Circuit Court ordering the clerk to issue the Certificate of Title (for the Property) in the name of Wells Fargo.

**3.19** Upon information and belief, on or about December 3, 2010, the Certificate of Title was recorded; transferring the Property to Wells Fargo.

**3.20** Upon information and belief, in or about August 1, 2011, the Debtor, filed a Motion to Vacate the Final Summary Judgment Order and Set Aside the Clerk's Entry of Default Judgment.

**3.21** Upon information and belief, in or about October 12, 2011, the Broward County Circuit Court entered Order Vacating Judgment was entered granting the Debtor's Motion to Set Aside Default Judgment and further directing the Clerk to Vacate Certificate of Title (the "2011 Order Vacating Judgment").

**3.22**. Upon information and belief, in or about January or February of 2011, the Debtor received an IRS 1099-A Form (the "1099-A") for "Acquisition or Abandonment of Secured Property" from Wells Fargo Bank, N.A., identifying Freddie Mac as the Lender and the Debtor as the Borrower for the real property located at 333 Sunset Drive, Apartment 408, Ft. Lauderdale, Florida 33301. Furthermore, the 1099-A provided the following information:

1. Date of Lender's acquisition or knowledge of abandonment as March 7, 2010;
2. Balance of principal outstanding - $394,452.87; and
3. Fair Market Value of Property - $252,436.00

**3.23** Upon information and belief the Debtor's 2010 income tax return reflects a financial loss as a result of 1099-A Form that he received from Wells Fargo.

**3.24** Following, the entry of the entry of the 2011 Order Vacating Judgment, the parties engaged in extensive litigation and a non-jury trial up to and including the time of the Debtor's May 21, 2015 chapter 7 filing.

**3.25** As a result of the Plaintiff's chapter 7 filing, the Foreclosure Action is stayed.

**3.26** Upon information and belief, Wells Fargo Home Mortgage ("Wells Fargo Home") was the servicer for Wells Fargo.

6

**3.27** On or about July 1, 2015, the servicing of the Mortgage was allegedly transferred from Wells Fargo Home Mortgage to Selene with July 21, 2015, being the effective date of transfer.

**3.28** On or about August 10, 2015, the Mortgage was assigned from Wells Fargo to Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-13BTT ("Wilmington Savings"). The assignment of mortgage (the "Assignment") was executed by assignor: Wells Fargo Bank, N.A. by Selene Finance, LP, as its attorney-in-fact*. (See Claim No. 5).

**3.29** Upon information and belief, Selene is the servicer for Wilmington Savings.

**3.30** On October 6, 2015, Selene filed a proof of claim, Claim No. 5, on behalf of Wilmington Savings in the total amount of $594,623.35 that included the following supporting documents- (1) Annual Escrow Account Disclosure Statement, dated September 14, 2015; (2) the Note stamped "COPY"; the Mortgage stamped "COPY"; and the Assignment that appears to have been recorded on September 1, 2015, by the Broward County Commission, Deputy Clerk bearing INSTR # 113205554. (See Claim No. 5).

**3.31** On March 7, 2016, Knuckles, Komosinski & Elliott, P.C., filed a Motion for Relief from the Automatic Stay (the "Lift Stay Motion"). (See ECF No. 30).

**3.32** The Lift Stay Motion is supported by the following loan documents- a Note and Allonge stamped "COPY"; a Mortgage stamped "COPY"; and an Assignment that appears to have been recorded on September 1, 2015, by the Broward County Commission, Deputy Clerk bearing INSTR # 113205554. (See ECF No. 30).

**3.33** The Plaintiff avers that Defendants' do not have possession of the original wet-ink Note and Allonge based on the fact that all of the loan documents that Defendants' have used to support claim are stamped "COPY".

## COUNT 1

### IV.    OBJECTION TO MOTION FOR RELIEF FROM STAY

**4.1** The allegations of paragraphs 1.1 through 3.21 of this Complaint are hereby re-alleged and incorporated by reference.

**4.2** On or about March 7, 2016, the Defendant Selene through its counsel acting as an agent of Defendant Wilmington Savings, filed a Motion for Relief from Stay.  (See ECF No. 30).

**4.3** In the Lift Stay Motion, Wilmington Savings is identified as the creditor and attached the following documents in support of its claims:

    **a.**    Note and Allonge stamped "COPY";

    **b.**    Mortgage stamped "COPY";

    **c.**    Assignment that appears to have been recorded on September 1, 2015, by the Broward County Commission, Deputy Clerk bearing INSTR # 113205554;

    **d.**    A document identified as Local Bankruptcy Rule 4001-1 Motion for Relief from Stay Affidavit (the "Motion for Relief Affidavit"), signed by Irisa Staggers, Bankruptcy Manager, Selene Finance, LP; wherein Ms. Staggers declares the she has personal knowledge of the Selene's books and business records and that Selene is in possession of all of the original mortgage loan documents submitted as Exhibits in support of the Motion for Relief.  Ms. Staggers also asserts personal knowledge of the extensive add-on fees and charges to the loan all of which are unsubstantiated and disputed by the Plaintiffs;

8

  **e.**  Copy of a Broker's Price Opinion ("BPO") identifying the Plaintiff's Property and valuing same; and

  **f.**  Proposed Order granting the Defendants' Lift Stay Motion.

**4.4** The Plaintiff avers that the Defendants do not have possession of the original wet-ink original mortgage loan documents.

**4.5** Upon information and belief, the Defendants' merely possess copies of the purported mortgage loan documents based upon the fact that Defendants' proof of claim, Claim No. 5 and the documents submitted in support of the Lift Stay Motion both contain a Note and Allonge stamped "COPY", a Mortgage stamped "COPY"; and an Assignment stamped "COPY".

**4.6** One or more of the Defendants and its/their respective attorneys and agent(s) at all times relevant knew or should have known that Defendants are not in possession of the wet-ink original loan documents.

**4.7** One or more of the Defendants and its/their respective attorneys and agents submitted the Note and Allonge stamped "COPY", a Mortgage stamped "COPY"; and an Assignment stamped "COPY", a false document, for the purpose of enticing the reliance of the Court, the Plaintiff, Chapter 13 Trustee and all interested parties.

**4.8** One or more of the Defendants and its/their respective attorneys and agents submitted the Note and Allonge stamped "COPY", a Mortgage stamped "COPY"; and an Assignment stamped "COPY", a false document, for the purpose of violating 11 U.S.C. § 362(a) in seeking to collect a debt not owed to the Defendant.

**4.9** Plaintiff objects to the Lift Stay Motion on the following grounds:

**4.10**   The Lift Stay Motion is padded with unsubstantiated charges, designed to extract additional and substantial profits from the servicing of Plaintiff's mortgage loan and from the property of this bankruptcy estate to the detriment of Plaintiff and unsecured creditors.

**4.14**   Defendants failed to attach any supporting documentation to support its claims for any of the charges and fees and add on expenses noted in the Lift Stay Motion.

**4.15**   Upon information and belief, the claimed pre-petition inspection fees, BPO, late fees, NSF fees, Advanced Attorneys' fees and costs were neither reasonable nor necessary, are not supported by time and expense records, and have been claimed in violation of Section 506(b) of the code and Bankruptcy Rule 2016(a).

**4.16**   Upon information and belief, Defendants have failed to establish that they acquired the Note and Mortgage in accordance with NYS UCC § 3-202(2) and the standing case law; that they are entitled to receive payments pursuant to the terms of the Note that is the subject of this action; therefore, Defendants' have failed to establish that they have standing to prosecute the Lift Stay Motion.

**V.  DEFENDANTS' LACK STANDING AS A REAL PARTY
IN INTEREST AND VIOLATION OF 11 U.S.C § 362**

**5.0**   The allegations in paragraphs 1.1 through 4.16 of this complaint are re-alleged and incorporated herein by this reference.

**5.1**   There documentation provided in the Defendants' Lift Stay Motion does not establish that the Defendants have possession of the wet-ink original Note and Allonge.

**5.2**   The creditor must prove that it is the real party in interest as the rightful owner and holder of both the Note and the Mortgage and that it has the legal right to enforce the same; Defendants have failed to meet this burden.

**5.3** There was no writing filed with the Lift Stay Motion demonstrating the purported creditor's interest on the property securing such claim as alleged.

**5.4** Defendants are therefore, neither a creditor nor the real party in interest and have no valid claim to a debt owed by the Plaintiffs or lien against property belonging to the Plaintiffs or bankruptcy estate.

**5.5** Defendants have no constitutional standing to file its sworn Lift Stay Motion in the Plaintiff's Chapter 13 case.

**5.7** In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of who can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court system. According to Fed. R. Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the real party in interest*. (emphasis added).

**5.8** A Motion for Relief from Stay is subject to Fed. R. Bankr. Pro. 7017 which is a restatement of F. R. Civ. P. 17.

**5.9** The Plaintiff avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note owner is not stated and there is no connection between the named creditor and the copy of the Note provided, the Defendants' claim as asserted in the Lift Stay Motion is defective.

**5.10** In the case at bar, the claimant, Defendants establish only that they are neither the holder nor the owner of the note. Defendants fail to establish that it has a beneficial interest in the copy of the Note, or that it ever had a beneficial interest in the copy of the Note affixed to the Lift Stay Motion.

11

**5.11**   As set forth hereinabove, Defendants have not shown that the named creditor, Defendant Wilmington Savings, has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate themselves as an owner of the Plaintiff's loan has been by way of fraudulent and misleading documents by persons who lack any personal knowledge.

**5.12**   Defendants must demonstrate how, *when and from whom* it derived their alleged rights. In re Tandala Mims, 10- 14030(mg/scc), the Hon. Judge Martin Glen denied Wells Fargo's first attempted Motion for Relief from Stay on the Court's own motion in a written opinion dated October 27, 2010.  Thereafter, Wells Fargo renewed its motion a second time, claiming, in part, possession of the original note endorsed in blank.  The court was not convinced, stating in its December 9, 2010 Order denying Wells Fargo's Renewed Motion for Relief from Stay as follows:

> "With respect to the assignment of the note and mortgage, the October 27 Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion does not in and of itself indicate bad faith. However, in the absence of a credible explanation, *describing how, when and from whom Wells Fargo derived its rights, relief from the stay will not be granted.*' Mims, 438 B.R. at 57 (emphasis added). The Renewed Motion provides some but not all of this information."

A copy of Judge Glenn's order denying Wells Fargo's Renewed Motion for Relief from Stay appears in the Mims ECF Docket as Document #42.

**5.13**    In the instant case as in the Mims case, there is a complete lack of any credible explanation describing how, when and from whom Defendants derived any rights.  There is a clear question of fact as to the issue of Defendants standing to assert any claim to a debt or lien against the Plaintiff or the bankruptcy estate.

**5.14**    To the extent Defendant Selene filed the Motion for Relief From Stay as an agent of Defendant Wilmington Savings, it constitutes a gross and willful violation of the Automatic Stay pursuant to 11 U.S.C. section § 362(a)(3) by the Defendants.

**5.15**   As a result of the violation of the automatic stay as described herein, all Defendants are liable to the Plaintiff's for actual damages, punitive damages and legal fees under 11 U.S.C. § 362(k)(1).

### VI.   CLAIM FOR RELIEF: DECLARATORY JUDGMENT

**6.1**   The allegations in paragraphs 1.1 through 5.15 of this complaint are re-alleged and incorporated herein by this reference.

**6.2**   At no time relevant to the allegations set forth herein, was the claimant identified in the Lift Stay Motion as the actual holder and the lawful owner of the mortgage note originally signed by the Plaintiff.

**6.3**   Therefore, the Defendants have no constitutional standing to file a Lift Stay Motion or otherwise participate in this Chapter 13 proceeding.

**6.4**   Because the Defendants are not the actual holder and lawful owner or assignee of the mortgage, Defendants have no security interest, and no right to seek to collect money from Plaintiff.

**6.5** Further, upon information and belief, in or about January or February of 2011, the Debtor received an IRS 1099-A Form (the "1099-A") for "Acquisition or Abandonment of Secured Property" from Wells Fargo Bank, N.A., identifying Freddie Mac as the Lender and the Debtor as the Borrower as it concerned the real property located at 333 Sunset Drive, Apartment 408, Ft. Lauderdale, Florida 33301.  Furthermore, the 1099-A provided the following information:

    4. Date of Lender's acquisition or knowledge of abandonment as March 7, 2010;

    5. Balance of principal outstanding - $394,452.87; and

    6. Fair Market Value of Property - $252,436.00

**6.6** Upon information and belief the Debtor's 2010 income tax return reflects a financial loss as a result of 1099-A Form that he received from Wells Fargo.

**6.7** At no time do the Defendants disclose this fact, to the Court, Chapter 13 Trustee, or other creditors.

**6.8** Defendants' make no mention of the Plaintiff's cancellation of debt payment in the proof of claim or Lift Stay Motion.

**6.9** At no time, have the Defendants' sought to credit the Plaintiff's mortgage loan account by an amount equal to the IRS tax penalty paid by the Plaintiff to the IRS on account of Defendant Wells Fargo' cancellation of debt notice.

**7.0** Plaintiff seeks a declaratory judgment holding that neither Defendant has an enforceable secured or unsecured claim against the property of the estate in bankruptcy; and that Defendants' claimed security interest void pursuant to 11 U.S.C. § 506(d).

### VII.  CLAIM FOR RELIEF: FRAUD ON THE COURT INCLUDING FALSE AND FRAUDULENT MOTION FOR RELIEF FROM STAY: DEFENDANTS EVERBANK AND HSBC SHOULD BE HELD IN CONTEMPT OF S.D.N.Y. ADMINISTRATIVE ORDER #347 AND LOCAL RULE 4001-1 FOR SUBMITTING A FALSE AFFIDAVIT TO THIS COURT AND SANCTIONED UNDER FEDERAL RULE BANKRUPTCY PROCEDURE RULES 9014 AND 9020 AND 11 U.S.C. § 105(a)

**7.1**    The allegations in paragraphs 1.1 through 6.5 of this complaint are re-alleged and incorporated herein by this reference.

**7.2**    The Lift Stay Motion filed by Defendants Selene and Wilmington Saving is false and fraudulent for the following reasons:

>    **A**. It included a copy of a Mortgage Note stamped "COPY" not payable to Defendant Wilmington Savings and bearing no endorsement to Defendant Wilmington Savings or Defendant Selene;

    **B**.    Defendant Wilmington Savings neither owns the Plaintiff's Mortgage Note nor do they have constitutional standing to file a Lift Stay Motion;

    **C**.    It includes fees that were excessive, unsubstantiated and/or that were neither reasonable nor necessary;

    **D**.    The signer of the supporting affidavit submitted with the Lift Stay Motion, Iris Staggers, lacked any required personal knowledge of the movant's business records and the possession if actual physical original loan documents;

    **E**.    The purported Allonge is a fraudulent document created for the purpose of enticing the Court's reliance.

**7.3**    This Court has authority under 11 U.S.C. § 105(a) to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

**7.4**    The Court should impose sanctions on Defendants for filing an improper claim in this case. Plaintiff's therefore request that Court invoke the powers granted to it by 11 U.S.C. § 105(1) and issue such order, process or judgment necessary to address the fraud of the Defendants and to prevent any future fraud or abuse of process. In the alternative, the Plaintiff requests this Court to waive the pre-notice time requirements of Rule 9011 of the Bankruptcy Rules and to impose sanctions under that Rule.

**7.5**    Section 105 of the United States Bankruptcy Code (the "Code") grants a bankruptcy court broad authority to exercise its equitable powers to prevent the abuse of process. In this case, the submission of the Motion for Relief Affidavit is certainly indicative of bad faith. Thus, assuming arguendo that the "bad faith" requirement exists under 11 U.S.C. § 105, the Court should sanction Defendants Selene and Wilmington Savings because this requirement has been met.

**WHEREFORE**, Plaintiff prays:

**A**. That the Court DENY the Lift Stay Motion filed by the Defendants Selene and Wilmington Savings;

**B**. That the Court direct the Chapter 13 Trustee to strike an Proof of Claim that may be filed by Defendants Selene and Wilmington Savings;

**C**. That Selene and Wilmington Savings be precluded from filing any amended, modified, or substitute claim in this case;

**D**. That the alleged arrearages contained in the Lift Stay Motion be canceled and forever discharged;

**E**. That Defendants Selene and Wilmington Savings be required to pay legal fees and expenses to the attorney for Plaintiff;

**F**. That Defendants Selene and Wilmington Savings provide a complete accounting of the Plaintiff's mortgage loan account, forthwith.

**G**. That Defendants claimed security interest be declared void pursuant to 11 U.S.C. § 506(d);

**H**. That the Defendants be sanctioned for filing false documents and affidavits in the bankruptcy case pursuant to 11 U.S.C. § 105; and

**I**. That Plaintiff have such other and further relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiffs pray that the Court grant the relief requested herein.

This the 11th Day of May 2016

RESPECTFULLY SUBMITTED,

*/S/ LINDA M. TIRELLI*
Linda M. Tirelli, Esq.
Garvey Tirelli & Cushner, Ltd.
Attorney for Debtor
50 Main Street, Suite 390

White Plains NY 10606
Phone: (914)946-2200/Fax: (914)946-1300

*/S/ JAMES RUFO*
James Rufo, Esq.
Garvey Tirelli & Cushner, Ltd.
Attorney for Debtor
50 Main Street, Suite 390
White Plains NY 10606
Phone: (914)946-2200/Fax: (914)946-1300